## NATHAN THOMAS v. JEROME D. HAMILTON.

*Mandamus—Druggists—Record of liquor sales.*

*Mandamus* will not lie, at the instance of a private individual, to compel a druggist to allow the relator to examine the record of sales of liquor which the druggist is required by the statute to keep, the same to be open for examination to all persons during business hours.

*Certiorari* to Van Buren. (Buck, J.) Argued June 19, 1894. Decided July 5, 1894.

Relator applied to the circuit court for *mandamus* to compel respondent, a druggist, to allow relator to examine the book containing a record of sales of liquor. Respondent brings *certiorari* to review an order granting the writ. Reversed. The facts are stated in the opinion.

*Lincoln H. Titus,* for relator.

*Mills, Osborn & Cavanaugh,* for respondent.

McGRATH, C. J.    Section 3 of Act No. 313, Laws of 1887, requires each dealer in drugs and medicines to keep a book, in which shall be recorded the names of all persons applying for liquor, the amount and kind of liquor sold to such person, and the purpose to which the same was to be applied, which book is required to be open for examination to all persons during business hours. Relator alleges that respondent is a dealer in drugs and medicines, that he refused to allow relator to examine such book, and asks for a *mandamus* to compel respondent to allow such examination.

The general rule is that *mandamus* will not run against a private individual.    Merrill, Mand. §§ 13, 21–23.    Nor does it lie to enforce the performance of a public duty at the instance of a private individual, or in any case unless he has some private or particular interest to be subserved, or some particular right to be preserved or protected, by such process, independent of that which he holds in common with the public at large.    *People v. Regents of the University*, 4 Mich. 98; *People v. Inspectors and Agent of State Prison*, 4 Id. 187; *People v. Green*, 29 Id. 121; *Smith v. City of Saginaw*, 81 Id. 123.

The judgment must therefore be reversed, with costs of both courts.

LONG, GRANT, and HOOKER, JJ., concurred.    MONTGOMERY, J., did not sit.